In the Matter of ARTHUR G. KLEIN, Petitioner, against JOHANNES STEEL, Respondent.

Supreme Court, Special Term, New York County, February 11, 1946.

*Jacob Markowitz* for petitioner.

*Hyman N. Glickstein* for respondent.

HECHT, J.   This is a proceeding instituted by Arthur G. Klein, the Democratic candidate for Representative in Congress from the 19th Congressional District, New York, in the special election to be held on February 19, 1946, to invalidate the candidacy of Johannes Steel, the person named as the substituted candidate of the American Labor Party in said special election.

There is no dispute as to the essential facts.   In 1934, the respondent, Johannes Steel, then a German national, came to this country for the purpose of acquiring residence here.   He had a German passport issued to him in the name under which he was known in Germany, namely, Herbert Stahl.   In 1935, he signed and filed a declaration of his intention to obtain citizenship, using the name Herbert Stahl.   In 1938, he filed his petition for naturalization under the same name.   At the time of the hearing on his application he was asked if he desired to have his name changed.   He informed the clerk of the court that he desired to use the name *Steel* in place of *Stahl*.   A naturalization certificate was issued to him in the name of *Herbert Steel*, with the following notation on the reverse side: '' Name changed by decree of court from Herbert Stahl as part of the naturalization.   Deputy Clerk, February 7, 1938.''

There is no question of identity presented for it was conceded that respondent *Johannes Steel* is the same person who was naturalized on February 7, 1938, as *Herbert Steel*.   Petitioner's objection to respondent's candidacy is based upon the claim that since respondent was naturalized under the name of *Herbert Steel* he had no right to assume any other name or to be known by any other name.

I find no authority to support this contention. When respondent became a naturalized citizen he acquired all the civil rights and privileges of a native-born citizen save eligibility to the presidency (*Baumgartner* v. *United States*, 322 U. S. 665, 673). Included in these rights was his common-law prerogative of changing his name without resorting to a judicial proceeding (*Smith* v. *United States Casualty Co.*, 197 N. Y. 420, 428–429; *Matter of Burstein*, 69 Misc. 41). True it is that if one resorts to legal proceedings in New York to change his name he may not thereafter be known by any other name (Civil Rights Law, § 64). No such prohibition, however, appears in the Federal statutes pertaining to a change of name effected on naturalization. The provisions of the United States Nationality Act of 1940 (Act, § 334, subd. [e]; contained since 1940 in U. S. Code, tit. 8, § 734, subd. [e], and prior thereto in U. S. Code [1934 ed.], tit. 8, § 396) declared that " as a part of the naturalization of any person " the court, in its discretion, may " make a decree changing the name of said person, and the certificate of naturalization shall be issued in accordance therewith." Another provision of the Federal naturalization law (Act, § 341, subd. [d]; contained since 1940 in U. S. Code, tit. 8, § 741, subd. [d], and prior thereto in U. S. Code [1934 ed.], tit. 8, § 399b, subd. [c]) declares that: " If the name of any naturalized citizen has, subsequent to naturalization, been changed by order of any court of competent jurisdiction, or by marriage, the citizen may make application for a new certificate of naturalization in the new name of such citizen." It is clear that this provision is permissive, not mandatory.

It was clearly established that respondent, Johannes Steel, has been known by that name socially, professionally and for business purposes for a number of years and that, although he used the names Herbert Steel and Herbert Johannes Steel, from time to time, no doubt or confusion whatever exists as to his identity.

The proceeding is dismissed. In view of this disposition, it is unnecessary to pass upon the jurisdictional questions raised by respondent. Settle order on one day's notice.